Pincus and Sons, Inc. v. Reading Company

*Ned Stein,* for plaintiffs.

*John J. Dautrich* and *White, Williams & Scott,* for defendant.

BOK, P. J., July 12, 1955.—A railway car of beef and offal was delivered on July 10, 1951, by the Guggenheim Packing Co. to the Atchison, Topeka and Santa Fe Railroad, which issued its bill of lading naming defendant as delivering carrier. The beef and offal were then in good condition.

The initial carrier negligently left the car "on track", but whether on its own track or that of another carrier is not stated, and then returned it to the shipper, the Guggenheim Co.

On July 17, 1951, the shipper delivered the car to the Missouri Pacific Railroad, which issued its bill of lading naming defendant as delivering carrier.

Plaintiff asks damages for deterioration.

Defendant has filed preliminary objections to the amended complaint.

At argument of such objections to the original complaint, we cleared the complaint except in the matter of damages. No doubt through our own misapprehension, we assumed the fact that the deteriorated car was delivered to plaintiff by defendant, but at the present argument we were advised that while the car was delivered by defendant under the second bill of lading, said bill is inoperative and the suit is brought under the first bill. As to the first bill, the car never came into defendant's possession at all.

If the amended complaint could be further amended, it would have to be in two particulars apart from what we consider to be the jurisdictional fact of delivery to defendant. One is that only the face of the two bills of lading were attached as exhibits. The face, however, expressly refers to the back for the conditions of shipment. Pleading the basic contract is not pleading evidence, and the whole contract should be pleaded,

not half. The other point for amendment is the damages. The complaint merely says that plaintiff should have got so much for the car when it should have been delivered but actually got only so much. The complaint should state when and where, in both instances, and during what dates the deterioration was allowed to take place. Without this information defendant cannot identify the market, either as to time or place, and we believe that the pleading of damages is under the law of the local forum.

Further amendment is impossible, however, for jurisdictional reasons, assuming counsel's statement at argument that the car was never delivered to defendant or transported by it under the bill of lading sued upon.

Plaintiff states in its brief that the suit is brought under the Carmack and Newton Amendments to the Interstate Commerce Act.

The Carmack Amendment, 34 Stat. at L. 593, 49 U. S. C. A. §20(11), reads as follows:

"Any . . . railroad . . . receiving property for transportation from a point in one State . . . to a point in another State . . . shall issue a receipt or bill of lading therefor . . . and any such . . . railroad . . . so receiving property for transportation from a point in one State . . . to a point in another State . . . or any . . . railroad . . . *delivering said property so received and transported* shall be liable to the lawful holder of said receipt or bill of lading . . . for the full actual loss, damage, or injury to such property caused by it or by any such . . . railroad . . . to which such property may be delivered or over whose line or lines such property may pass. . . ." (Italics supplied.)

The Newton Amendment, March 4, 1927, 44 Stat. at L. 1448, 49 U. S. C. A. §20(11) provides:

". . . any common carrier, railroad, or transportation company *delivering said property so received and transported,* shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company . . . over whose . . . lines such property may pass. . . ." (Italics supplied.)

It is obvious that only a carrier can be held liable for damages occurring along the chain of transportation which initiates or completes delivery of the property. We see no warrant in the wording of the law to allow a suit against a carrier merely because it has been named as delivering carrier in the bill of lading unless it is also alleged that such carrier physically delivered the property. That essential fact cannot be alleged in this case and we cannot write it into the law. The amendments are in derogation of the common law doctrine that only the tortfeasor is liable for his tort, and merely because the amendments serve a useful purpose in a complicated economy does not give us leave to extend the accommodation of clear wording beyond its obvious limits. We have not been referred to, nor can we find, any case that interprets the amendments as plaintiff wishes, but we notice the statement in 13 C. J. S. §424(2) : ". . . the through contract of shipment made with the initial carrier is binding on all connecting carriers who receive the goods." This indicates that defendant, although named as delivering carrier, is not a proper party to this action in the absence of averment that it received the car.

If, as plaintiff argues, the car was returned to the shipper under the first bill of lading without plaintiff's

permission, plaintiff may have a right of action against the shipper or against the initial carrier.

The preliminary objections are sustained and judgment is entered for defendant.